STATE *v.* ANDERSON.

4161                                      139 S. W. 2d 682

Opinion delivered May 6, 1940.

*Jack Holt*, Attorney General, *Jno. P. Streepey*, Ass't Att'y General, *C. M. Erwin, Jr., Hugh U. Williamson* and *Ben B. Williamson*, for appellant.

*Dene H. Coleman*, for appellee.

MEHAFFY, J. The appellee was charged in an indictment and also two informations filed by the prosecuting attorney under § 2904 of Pope's Digest, which section reads as follows: "It shall be unlawful for any county judge to be interested, in his own county, either directly or indirectly, in the building or repairing of any public building, or in the building or repairing of any public bridge, or any toll bridge, causeway, or in any public ferry, or in the keeping, feeding or clothing of any pauper or poor or insane person, or any real or personal property, stationery, furniture, wood or other materials purchased for the use of the county, or any internal improvement to be paid for in whole or in part by the county."

There was a trial and after the introduction of the evidence, the appellee moved the court for an instructed verdict in each of the three cases. His contention was that in the case of the indictment, Stone county was never obligated to pay any of its funds nor to pay any

of the rentals on the air compressor and that it never in fact paid any of its cash towards the project.

In the case of information No. 147, he contended that it was required to be shown that he was interested in personal property which had been purchased for the use of the county and that the evidence did not show that.

In the case of information No. 148, he contended that the evidence failed to show that the project was to be paid for in part by Stone county.

The court held that the indictment and two informations in effect charged a violation of § 2904 of Pope's Digest; that the evidence in these cases which pertained to a violation of law was only applicable to the contract entered into by appellee on March 24, 1939, and on which he was paid $29; that the contract was exclusive with the WPA and the WPA was solely responsible for the rental and the payment of the rental. He held that to be guilty under this section of the digest it was necessary that appellee enter into some kind of a deal whereby he would be profiting off the county and drew some of the county's money, and that the evidence was not sufficient to show that appellee willfully violated this particular statute in making the contract of 1939; that by reason of the civil suit against the appellee, he and his bondsmen will be required to pay $650.12 to the county, and that the county would not lose any money on the transaction because the judgment would have to be paid.

The court thereupon directed the jury to return a verdict of not guilty in all three cases.

There is very little dispute about the facts in this case. The evidence shows that the county of Stone owned a rock crusher, and that the appellee, when he was sheriff, traded this rock crusher to R. A. Kern, in Little Rock, for an air compressor. The air compressor was valued at $500, and this is the air compressor which appellee rented and obtained rent on. There was a suit against the appellee and a judgment in the circuit court of Stone county in the May term of said court, and after

hearing the evidence the jury returned into court the following verdict: "We, the jury, find for the plaintiff for the possession of one Schramm Air Compressor, the property in question, and fix the plaintiff's damages at the sum of $650.12."

Appellee contends that it was only after the rendition of the judgment in the replevin suit that the indictment and subsequent informations were instigated, and urges that before the determination of this civil action, there could have been no willful intention or illegal violation of the above section of the digest. It is contended that the county had no right, title or interest in the air compressor before the rendition of the judgment in the replevin suit. While the appellee had possession of the air compressor, it was as much the property of Stone county before this suit was tried as it was after the judgment. The rock crusher was the property of Stone county. The evidence shows that he traded it for the air compressor and thereafter used the air compressor as his own, receiving rentals for its use on the public roads of Stone county. If the facts stated in the record are true, the appellee was interested, at least indirectly, in the building or repairing of the county property or in the internal improvement, which was to be paid for in part by the county. The undisputed evidence shows that Stone county contributed several thousand dollars.

It is argued that no cash was to be paid by the county. It is wholly immaterial whether it paid cash or furnished property, because in either event, if the county judge was interested in the internal improvement which was to be paid in part by the county, the manner of the payment would be immaterial. It would be just as much a violation of the above section to be interested in an improvement where the county contributed its part in property as it would be if paid in cash. It is our opinion that if the evidence is to be believed, appellee was interested in the internal improvement, was using the county's property as his own and getting pay for it, and whether he was doing this or not in violation of the above statute was a question of fact

for the jury. He would not be guilty of violating the above statute before he became county judge.

We think the court erred in directing a verdict. The judgment is reversed and the cause is remanded for a new trial.